**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| DENNIS KOORN, an individual, | Case No. 3:20-cv-05946-BJR |
| Plaintiff, | **STIPULATED MOTION FOR ENTRY OF CONSENT JUDGMENT** |
| v. | |
| AVEVE N.V., BELGIUM, a public limited company, and ARVESTA.COM, an internet domain name, *in rem*, | |
| Defendant. | |

On September 23, 2020, Plaintiff DENNIS KOORN ("Plaintiff") filed a Complaint [Doc. 1] against AVEVE N.V., BELGIUM, a public limited company ("Defendant, Aveve, N.V), and ARVESTA.COM, a domain name, *in rem* (the "Domain Name") (collectively "Defendant"). The Complaint seeks, among other relief:

1. Declaration by the Court that, pursuant to 15 U.S.C. § 1114(2)(D)(iv)-(v), that Plaintiff is entitled to registration, ownership and use of the Domain Name;

2. Declaration by the Court that, pursuant to 28 U.S.C. § 2201, that Plaintiff's registration of the Domain Name is lawful and does not infringe on any trade or service mark right the Defendant may claim in the United States;

3. Damages according to proof at trial, but in an amount not less than $100,000-per incidence of reverse domain name hijacking;

4. Punitive damages according to proof at trial; and

5. Costs and expenses, including costs under 15 U.S.C. § 1114(2)(D)(iv)-(v) and reasonable attorneys' fees.

Plaintiff and Defendant, Aveve, N.V. have agreed to the entry of this consent judgment to resolve the disputes between them ("Consent Judgment").

Dated this 29th day of December, 2020.

| **NEWMAN DU WORS LLP** | **AVEVE N.V., BELGIUM, AND ARVESTA.COM** |
|---|---|
| s/ Derek A. Newman | s/ |
| Derek A. Newman, WSBA No. 26967<br>Jason B. Sykes, WSBA 44369<br>2101 Fourth Avenue, Suite 1500<br>Seattle, WA 98121<br>Phone: (206) 274-2800<br>Email: *dn@newmanlaw.com*<br>       *jason@newmanlaw.com* | By:<br>Title: |

**ESQWIRE.COM P.C.**

Jason Schaeffer, Esq. (*pro hac vice forthcoming*)
Stevan Lieberman, Esq. (of counsel) (*pro hac vice forthcoming*)
1908 Route 70 East
Cherry Hill, NJ 08003
Phone: (856) 874-9651
Email: *jason@ESQwire.com*
       *stevan@APLegal.com*

*Counsel for Plaintiff Dennis Koorn*

**JUDGMENT**

NOW THEREFORE, upon consent of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Plaintiff Dennis Koorn owns the Domain Name;

2. Defendant, Aveve, N.V. filed a complaint with the World Intellectual Property Organization seeking transfer of ARVESTA.COM under the Uniform Domain Name Dispute Resolution Policy of the Internet Corporation for Assigned Names and Numbers, *Aveve N.V. v. Privacy Administrator, Anonymize, Inc. / Dennis Koorn*, No. D2020-1115 (the "UDRP Proceeding").

3. Plaintiff filed this lawsuit seeking a declaration of the parties' rights, a finding of Plaintiff's lack of bad faith intent under the Anti-Cybersquatting Consumer Protection Act.

4. Plaintiff's interest in the Domain Name is legitimate.

5. Plaintiff did not register or use the Domain Name in bad faith and had no bad faith intent to profit from the Domain Name.

6. Plaintiff's registration and use of the Domain Name was and is lawful under the Anti-Cybersquatting Consumer Protection Act, 15 U.S.C. §§ 1114, 1125(a) and 1125(d).

7. Pursuant to 15 U.S.C. § 1114(2)(D)(v), the registrar for the Domain Name, Epik Inc., is hereby enjoined from transferring the Domain Name to Defendant and is ordered to release the Domain Name from any form of locking or disabling based on Defendant's claims in the UDRP Proceeding.

8. Defendant has accepted service of the Summons and Complaint in this action and waives any objections based on service of process as part of the negotiated settlement, and is subject to the jurisdiction of the Court for this action.

9. Defendant agrees to pay Plaintiff a Settlement Amount of Twenty-Five Thousand Dollars ($25,000.00) (the "Settlement Amount") in complete resolution of Plaintiff's actual and/or statutory damages, attorney's fees, and costs associated with this action and the UDRP Proceeding, and to deliver payment to Plaintiff within ten (10) calendar days of entry of this Consent Judgment.

10. Each party shall bear its own costs and attorney's fees.

11. Upon payment of the Settlement Amount, the claims asserted in the Complaint are released and dismissed with prejudice, and Plaintiff shall not be entitled to any other relief of any nature whatsoever related to the claims asserted in the Complaint, including but not limited to compensatory, statutory, punitive damages or attorney's fees, other than as set forth herein.

12. Upon payment of the Settlement Amount Plaintiff shall transfer ownership of the Domain Name to Defendant, Aveve, N.V.

13. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment.

14. The parties agree that the prevailing party in any proceeding to enforce the terms of this Consent Judgment shall be entitled to an award of its attorneys' fees and costs.

15. This Consent Judgment represents a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between Plaintiff and Defendant in this case. This Consent Judgment is intended to be final and shall bind Plaintiff and Defendant on all issues that were or could have been litigated in this proceeding and that no appeal shall be taken here from.

The undersigned hereby stipulate to the above facts and conclusions and consent to this Consent Judgment, which may be signed in counterparts. Signatures can be obtained and exchanged by scanned copy and/or facsimile.

IT IS SO STIPULATED AND ORDERED.

Dated: January 11, 2021.

_Barbara Jacobs Rothstein_
U.S. District Court Judge